SHIRLEY S. ABRAHAMSON,
¶ 60. C.J. (concurring). I agree with the court of appeals' unpublished per curiam opinion in this case. Like the court of appeals, I would reverse the order for summary judgment and remand the matter to the circuit court for trial without any specific instructions.
¶ 61. I have trouble with the majority opinion's instruction to the circuit court "to dismiss the claims asserted through the assignments, and to allow the remaining claims to proceed to trial." Majority op., ¶¶ 3, 59. To take a page out of the majority opinion's play on the word "concrete," I suggest that the majority opinion's instruction "to dismiss [United Concrete's] claims asserted though the assignments" is not concrete enough.
¶ 62. Just what claims does the majority have in mind that have to be dismissed? Why make the circuit court and the parties guess which claims the majority wants dismissed? Just tell us!
¶ 63. As I read the complaint, which I have attached hereto as Exhibit A, United Concrete has not *626 asserted any claims through the assignments. United Concrete's complaint has seven numbered claims. All the claims United Concrete asserts in the complaint are for injuries United Concrete alleges it has suffered as a result of Red-D-Mix's conduct.
¶ 64. The circuit court order dismissed United Concrete's entire complaint. The substantive portion of the dismissal order reads as follows:
NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that Red-D-Mix Concrete, Inc.'s motion for summary judgment is granted. The Court rules that all claims asserted by United Concrete & Construction, Inc. through the assignments from the property owners and all tort based claims are precluded by the holding in Linden v. Cascade, 2005 WI 113, 283 Wis. 2d 606, 699 N.W.2d 189 and the Economic Loss Doctrine.
IT IS FURTHER ORDERED AND ADJUDGED that, with respect to the Plaintiffs Wis. Stat. § 100.18 claim, the statements made by Red-D-Mix Concrete, Inc.'s salesman constitute "puffery" and are not actionable under the statute.
IT IS FURTHER ORDERED AND ADJUDGED that, with respect to United Concrete & Construction, Inc.'s remaining claims, the Plaintiff has not sufficiently established damages, to support its claims (emphasis added).
¶ 65. This circuit court order organizes United Concrete's complaint into four categories of claims: (1) claims asserted through the assignments from the property owners; (2) tort based claims; (3) Wis. Stat. § 100.18 claim; and (4) remaining claims. The circuit court order does not make clear which of the seven claims in United Concrete's complaint it viewed as being based on the assignments.
*627 ¶ 66. The reality of this case is that the whole issue of the assignments is, as United Concrete has maintained, a "red herring,"[1] diverting attention from the real issues: Did Red-D-Mix violate Wis. Stat. § 100.18, did Red-D-Mix breach the contract, and is United Concrete's claim for damages speculative?
¶ 67. The majority opinion confirms the reality of this case, explaining at ¶ 41: "The complaint did not explicitly indicate that United was suing Red-D-Mix through the assignments in the homeowners' name."
¶ 68. While recognizing the reality of this case, the majority opinion sometimes accepts Red-D-Mix's mistaken depiction of the complaint.[2] Indeed, the majority opinion repeatedly vacillates between reality and spin.
¶ 69. The majority opinion's adoption of Red-D-Mix's mistaken depiction of the complaint rather than the reality of the complaint culminates in the majority opinion's instruction to the circuit court "to dismiss the claims asserted through the assignments, and to allow the remaining claims to proceed to trial."
*628 ¶ 70. I vote for concrete reality. The majority opinion should be precise in telling the circuit court which parts of the complaint it should strike.
¶ 71. I am authorized to state that Justices ANN WALSH BRADLEY and N. PATRICK CROOKS join this opinion.
EXHIBIT A
STATE OF WISCONSIN CIRCUIT COURT BRANCH vn
UNITED CONCRETE & CONSTRUCTION, INC., Plaintiff; ■RED-D MIX CONCRETE, INC., NATIONWIDE MUTUAL INSURANCE COMPANY, ALLIED INSURANCE COMPANY, Defendants.
nTTrAOA-MTE.CQUNTY CLERK OF CIRCUIT Ch"
JAN | 3 201! Case No.: 08-CV-1595
THIRD AMENDED COMPLAINT
The Plaintiff; United Concreto & Construction, Inc., by and through its attorneys, Epiphany Law, LLC, and Valeric J. Revnaw of the fina, alleges the following:
1. Plaintiff, United Concrete & Construction, Ino. (hereinafter referred to as “United"), is a corporation duly formed under the laws of the State of Wisconsin with a principal place of business at 5902 N. Richmond Street, Appleton, Wisconsin, 54913.
2. Defendant, Rcd-D Mix Concrete, lac. (hereinafter referred to as “Dafendant” or “Rsd-D Mix”), is a Wisconsin corporation with its primary place oFbusiness located at2885 Allied Street, Green Bay, Wisconsin 54304, an d Frank Kowolko wslti as a registered agent, whose address is the same.
3. Based on information and belief; Defendant; Allied insurance Company (hereinafter “Allied’') is an insurance corporation, with its principal place ofbusmess located at 1100 Locus Sb Dep. 3100, Dcs Moines, Iowa 50391 with CT Corporation System as a registered agent at 8040 Excelsior, Suite 200, Madison, Wisconsin 53717. Upon information and belief; and at all times material herein, the defendant^ Allied Insurance Company, had Issued Red-D Mix Concrete, Tnc., a policy that was in foil force and effect • providing coverage for liability as describcdharein. Further, upon information and belief; iha policy number Is ACPGL0710 2253616.
4. Upon information and belief Nationwide Mutual Insurance Company (hereinafter “Nationwide”), may be Allied’s parent company or have a contract with Allied to provide Insurance coverage in tile state of Wisconsin. Defendant, Nationwide Mutual Insurance Company is an insurance corporation, with Us principal place of business located at One Nationwide Plaza, Columbus, Ohio 43215 with CT Corporation System as a registered agent at 8040 Excelsior, Suite 200, Madison, Wisconsin 53717. Nationwide Mutual Insurance Company may bo the company responsible for providing commercial liability insurance coverage to Rcd-D Mix Concrete, Inc under policy number ACPGL0710 2253616.
*629 5. United. Is a concrete contractor that primarily installs driveways, patios, and other concrete fiatwork.
6. Rcd-D Mix manufactures and/or distributes concrete.
7. United used Red-D Mix’s concrete during the 2007 season, hi the course ofits business, United poured fiatwork at many residences andbustases during 2007 such that said concrete has been used in many locations in the area.
8. The fiatwork performed by United using Red-D Mix’s concrete in 2007 has suffered from problems with premature deterioration, including, but not limited to scaling, pitting, decoloration, crumbling and spalling along sawcuts and loss of surface.
9. The problems with premature deterioration were made known to Red-D Mix.
10. United anticipates that iirtbe future it may be subject to claims, demands and suits as a result of said use of said concrete, as alleged above, and to date has incurred expenses to coirect said problems all to the detriment of United.
11. Properties attached hereto as Exhibit A have had fiatwork poured using toe defective concrete from Red-D Mix. The owners of said properties have assigned their rights to aue to United.
FIRST CLAIM (Breach of Contract)
12. Plaintiff reincorpórales and realleges paragraphs 1 -11 above as if folly set forth herein.
13. In 2007, United entered into a contract with Red-D Mix for non-defective concrete to be used in the installation of driveways, patios, and other concrete work.
14. Red-D Mix breached toe contract by delivering concrete that was defective, of unsatisfactory quality, and unsuitable for use in concrete work performed by United.
15. Rcd-D Mix’s defective concrete caused problems including, but not limited to, scaling, pitting, discoloration, crumbling and spalling along sawcuts, and other premature deteriorations and loss ofsurface in toe fiatwork performed by United with Red-D Mix’s concrete in 2007.
Id. Asa result of Red-D Mix’s breach of contract, United has suffered damages in an amount to be determined at trial.
17. As a result of Rcd-D Mix’s breach of contract, Red-D Mix is liable to United for any and all damages arising out of said breach of contracL
SECOND CLAIM (Breach of Express Warranty)
18. PlaintifFTeiucarporatcs and realleges paragraphs 1-17 above as iffully set forth herein.
19. Tn 2002, United used Red-D Mix as a concreto supplier for its fiatwork.
2
*630 20. United stopped using Rcd-D Mix as a concrete supplier in approximately 2005 duelo problems with the concrete mix.
21. A couple of years later, in2007, United was m the process of changing concrete suppliers.
22. Tim Hippert, of United Concrete, met with Red-D Mix’s representative, John, about switching to Red-D Mix concrete.
23. United wanted to make sure the quality issues that it previously experienced with Red-D Mix had been resolved. Ttwas important to United that Red-D Mix’s concrete was a goodand durable product without delicts. Therefore, instead of simply obtaining prices over the phone, Tim Hippert met fecc-to-fhca with Red-D Mix to discuss the quality of die concrete.
24. The meeting was attended fay Kevin Kluess'(a United foreman), Tim Hippert, and Red-D Mix salesman, John.
25. During die meeting, Tim. Hippert and Kevin Kluess specifically inquired as to the quality ofthe concrete available from Red-D Mix. .
26. Red-D Mix, through its representative, assured United that Red-D Mix had built a new plant and would be able to provide United with concrete that would allow Unitedto create a good and durable product for its customers
27. United relied upon Red-D Mix’s express affirmations in entering into the contract with Red-D Mix for concrete in 2007.
THIRD CLAIM (Breach of Implied Warranty)
28. Plaintiff reincorpórales and realleges paragraphs 1-27 above as if folly set forth herein.
29. Red-D Mix has made implied warranties of merchantability and fitness for aparticuiar purpose, including that the concrete delivered to United would be of satisfactory quality and suitable for use in flatwork performed by United.
30. Red-D Mix breached these implied warranties of merchantability and fitness for a particular purpose by delivering concrete that was defective, of unsatisfactory quality, and unsuitable for use in concrete work performed by United.
31. Red-D Mix’s defective concrete caused problema including, but not limited to, scaling, pitting, discoloration, crumbling and spalling along sawcuts, other premature deteriorations and loss of surface in the flatwork performed by United withRed-D Mix’a concrete in 2007.
32. . As a result of Rcd-D Mix’s breach of contract, United has suffered damages in an amount to be determined at trial.
33. Asa result of Red-D Mix’s breach of contract, Rcd-D Mix is liable to United for any and all damages arising out of said breach of contract
3
*631 FOURTH CLAIM (Unfair Trade Practice: Untrue, Deceptive, or Misleading Representation-Wis.Stat. § 100.18)
34. Plaintiff reiiworp orates and realleges paragraphs 1-33 above as if fully set forth herein.
35. In selling concrete for use in flatwork, Red-D Mix made representations about the concrete which induced United to purchase concrete from the Red-D Mix.
36. United reasonably relied on die representations from Red-D Mix and the representations were a significant factor that contributed to United’s decision to purchase concrete from Red-D Mix.
37. The representations Rcd-D Mix made about the concrete United purchased were untrue.
3 8. United has sustained, or will sustain, a monetary loss as a result of the representations made by Red-D Mix.
39. Upon information and belief, these actions constitute a violation of Wis. StaL §100.18.
FIFTH CLAIM (Negligence)
40. Plaintiff reincorporatcs and realleges paragraphs 1-39 above as if fully set forth herein.
41. At all times material hereto, Red-D Mix negligently produced and supplied to United said concrete used in the pouring oF flatwork and such negligence caused die aforementioned defects andproblems occurring with said flatwork, as alleged above, such that Red-D Mix is liable to United for actual and consequential damages arising from said problems and defects, including but not limited to, costs of repair, replacement and remedy of any and all defects, complaints and resulting injuries which have arisen or will arise in the Future as a result oftheuse of said concrete, as alleged above.
42. Red-D Mix didnotmake all reasonable and adequate tests and inspections of Us product to guard against any defective conditions.
43. As a result of the negligence of Red-D Mix, numerous property owners have experienced problems with the flatwork poured by United, including but not limited to, those listed in Exhibit A, attached hereto and Incoiporaled herein by reference.
SIXTH CLAIM
(Indemnification)
44. Plaintiffremcoiporates and realleges paragraphs 1-43 above as if fully set forth herein.
45. Red-D Mix, m supplying said concrete to United for the purpose of use in flatwork, is liable to United under the theory of indemnification for any. and all damages, claims or complaints, past, present and future arising Dut of Uie aforementioned defects m said concréte, as alleged above.
4
*632 SEVENTH CLAIM (Contribution)
46. Plaintiff remcoiporates and realleges paragraphs 1-45 above as ir fully set forth herein.
47. Tn the alternative, Rcd-D Mix, as the supplier of the concrete used in the pouring of flatworic, would be liable under (he theory of contribution for any and all damages claimed or to be claimed against United, resulting in any way out of the said claims and suits arising out of the use of said concrete, as alleged above.
WHEREFORE, the Plaintiff prays for the following relief!
a) Damages in an amount that will reasonably compensate United for the aforementioned damages allegedly caused and to be caused by the defective concrete provided by the defendant under the theories alleged herein;
b) Costs, including attorney’s fees; and
c) Such other further judgment or order of relief as maybe considered just and equitable.
Dated this IS^dayofJaauaryZOlI.
[[Image here]]
Epiphany Law, LLC .4211N. Lightning Drive Appleton, WI54913 Telephone; 920,996.0000 Fax: 920.996.0001
5

 Others have viewed the discussion of the assignments in this case as a "red herring." At oral argument, Justice Roggensack commented about the assignments to Red-D-Mix's counsel during rebuttal as follows:
Whatever is going on here [with the assignments], to me it feels like a "red herring," what's going on with the homeowners. They're not here. We've got a dispute between Red-D-Mix and United and that's what I think we're gonna focus on here.
An audio recording of the oral argument can be found on the Supreme Court's website at http://www.wicourts.gov/ opinions/soralarguments.htm, at 1:13:58 - 1:14:15.

 See, for example, ¶¶ 39,41,43,48 of the majority opinion, treating the complaint as if United Concrete's claims for "breach of contract, breach of express warranty, breach of implied warranty, indemnification, and contribution" were "brought both in [United Concrete's] own name and through its assignments from the homeowners."